Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson,<br><br>   Plaintiff,<br>   v.<br><br>Royal Elk Park Management, Inc.,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

David Robinson ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Royal Elk Park Management, Inc. ("Defendant"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Putah Canyon Campground located at 7600 Knoxville Road in Napa, California.

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant is California Corporation, with its principal office in Hollister, California.

5. Defendant owned, managed, operated, or otherwise was responsible for the Putah Canyon Campground located at 7600 Knoxville Road in Napa, California ("Putah Canyon") and the

real property where the campground located and operated.

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that Putah Canyon is located inside this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities. Specifically, Plaintiff requires a wheelchair to facilitate his mobility as a result of a spinal cord injury. Plaintiff is a paraplegic due to a tragic motorcycle accident. Plaintiff's symptoms substantially limit his major life activities. Plaintiff has, and at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

10. Plaintiff loves the outdoors. Just like many other Californians, Plaintiff loves camping during the summer in California's vast and beautiful recreational areas.

11. Plaintiff lives in the San Francisco Bay Area.

12. Plaintiff was looking for an accessible campsite within a relatively close distance to his home.

13. Lake Berryessa is an area that Plaintiff has visited in the past, so Plaintiff searched for a campground that would accommodate his disability in the area.

14. Plaintiff came across a website for Putah Canyon. Plaintiff was drawn to the location and various amenities offered by Putah Canyon, including its immediate proximity to the waters at Lake Berryessa.

15. Putah Canyon is open to the public, intended for non-residential use, and its operation affects commerce.

16. Putah Canyon is a public accommodations and business establishment. Specifically, Putah Canyon is place of recreation.

17. Putah Canyon has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

18. Unfortunately, the Putah Canyon website did not specify whether it provided accessible campsites. So Plaintiff went to see for himself. On October 9, 2022, Plaintiff visited Putah Canyon. Regrettably, Plaintiff encountered numerous accessibility barriers at the campground. In fact, Defendant's "accessible" facilities have fallen into a state of disrepair. Specifically, Plaintiff believes the following accessibility barriers exist at Putah Canyon:

   i. Accessible parking is not striped
   ii. There is no access aisle for the accessible parking
   iii. The accessible parking surface area is not firm, stable, or slip resistant
   iv. The path of travel from the accessible parking requires the user to travel behind a car other than their own
   v. There is no accessible path of travel connecting accessible elements at the campsite. For instance, the accessible bathrooms to the BBQ area.
   vi. The path of travel to the accessible bathroom is loose gravel and not firm, stable, or slip resistant.
   vii. The accessible bathroom does not have any signage
   viii. The accessible bathroom is not configured correctly. For instance, the toilet tissue dispenser is mounted above the grab bar, which is not permitted. The soap dispenser is mounted 50 inches above the floor. And the seat cover dispenser is mounted 44 inches above the floor.
   ix. The picnic tables do not provide sufficient knee or toe clearances. In fact, it does not appear that Defendant has provided an accessible seating option at the barbeque picnic area at all.

19. Because of barriers at Putah Canyon, Plaintiff's access to the facilities at Putah Canyon was and is hampered.

20. The accessible parking spaces and path of travel is difficult to navigate.

21. The uneven surface along the path of travel is also a source of pain and discomfort when traversing the cracked surface in a wheelchair.

22. Plaintiff's lives in the San Francisco Bay Area, not far from Putah Canyon.

23. Plaintiff wants to use the facilities at Putah Canyon when Defendant removes the accessibility barriers at Putah Canyon.

24. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

25. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Putah Canyon.

### Failure to Remove Architectural Barriers at an Existing Property

27. Defendant has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

28. For those barriers where it is not reasonably achievable to remove them, if any, Defendant has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

### Failure to Design and Construct an Accessible Property

29. The improvements at Putah Canyon are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

30. Defendant violated the ADA by failing to design and construct the facilities at Putah

Canyon in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

31.   Plaintiff believes and alleges that Putah Canyon was modified after January 26, 1993, independently triggering access requirements under the ADA.

32.   The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

33.   Defendant altered Putah Canyon in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

<u>Failure to Maintain Accessible Features</u>

34.   Defendant violated the ADA by failing to maintain in operable and working condition those features of Putah Canyon that are required to be readily accessible to and be usable by persons with disabilities.

35.   Defendant's failure in maintaining Putah Canyon in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

36.   The configuration and condition of Putah Canyon denied Plaintiff a public accommodation due to Plaintiff's disability.

37.   It is readily achievable for Defendant to remove the architectural barriers.

38.   Defendant does not have any legitimate business justification to excuse the condition and configuration of Putah Canyon.

39.   Defendant's violations are the cause of suffering for Plaintiff.

40.   Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

//

//

**SECOND CAUSE OF ACTION**

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

41. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

42. As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visit to Putah Canyon.

43. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

44. Defendant' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

45. Plaintiff was harmed.

46. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

47. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

48. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

49. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a

statutory minimum of $4,000 for each offense;

    3.    Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

    4.    Other relief that the court deems appropriate.

Dated: October 17, 2022                      Law Office of Rick Morin, PC

/s/ Rick M

_____
Richard Morin
Attorney for Plaintiff