UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROYAL ELK PARK MANAGEMENT, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-06102-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 41 |

**INTRODUCTION**

The plaintiff in this case claims that the defendant violated the Americans with Disabilities Act (ADA) and California's Unruh Act by failing to make the Putah Canyon Campground in Napa accessible to the physically disabled public.[1] The plaintiff seeks injunctive relief (in addition to damages and attorney's fees) for the alleged accessibility barriers such as a loose-gravel path to the accessible bathroom and a lack of striped parking.[2] He alleges that the defendant "owned, managed, operated, or otherwise was responsible for" the campground.[3] The defendant "admits that it manages the Putah Canyon Campground . . . pursuant to a Concessionaire Contract with the

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 3 (¶ 18).

[3] *Id.* at 1 (¶ 5).

ORDER – No. 22-cv-06102-LB

United States Bureau of Reclamation" but alleges that it does not own the campground and "is contractually prohibited from performing construction or improvement activities."[4]

The defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(7) on the ground that the plaintiff failed to join a party (the federal government) under Rule 19.[5] The plaintiff contends that "[t]he court can easily fashion a judgment that would accord relief to [him] in the context of the agreement" between the defendant and the government.[6] The court grants the motion because the federal government is an indispensable party.

## STATEMENT

The defendant provided its concession contract with its motion to dismiss. The contract concerns a "federal estate" defined as "[t]he Federal land and water areas of the Solano Project that are under the primary jurisdiction of the Department of the Interior, Bureau of Reclamation."[7] Generally, the defendant provides campsite services to the public in the concession area.[8] The defendant "is not authorized to provide any service, facility, or activity not identified within" the contract.[9] The defendant must "comply with all [a]pplicable [l]aws . . . relating to nondiscrimination in the provision of services."[10]

The defendant "may construct or install" only those improvements "that are determined by Reclamation to be necessary and appropriate for the implementation of services required or authorized" under the contract. Written approval from Reclamation is required.[11] Similarly, new

---

[4] Am. Answer – ECF No. 14 at 2 (¶ 5).

[5] Mot. – ECF No. 41.

[6] Opp'n – ECF No. 43.

[7] Concession Contract, Ex. 1 to Damm Decl. – ECF No. 41-1 at 12.

[8] *Id.* at 24.

[9] *Id.* at 23.

[10] *Id.* at 29–30.

[11] *Id.* at 49.

signage must be approved by Reclamation.[12] So must striping plans.[13] On the other hand, the defendant is "solely responsible for the physical maintenance, repairs, housekeeping, grounds keeping, and landscaping of all concession facilities."[14] This obligation refers to "general preventative and cyclic maintenance and emergency repair."[15] In other words, "[r]epair and maintenance" are activities that do not "change the nature, appearance, or value of existing concession facilities."[16]

The plaintiff claims violations of the ADA and Unruh Act.[17] All parties consented to magistrate-judge jurisdiction.[18] The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

## ANALYSIS

The defendant moves to dismiss the complaint under Rules 12(b)(7) and 19 for failing to join the federal government as a putatively indispensable party.[19] The court first notes that "the federal government is excluded from the coverage of the ADA." *See, e.g.*, *Drevaleva v. Dep't of Veterans Affs.*, 835 F. App'x 221, 223 (9th Cir. 2020). The federal government owns the campground and has contractually reserved to itself the authority to approve any improvements to it. The plaintiff is asking for relief that orders improvements at the campground. The court grants the motion to dismiss because the federal government is an indispensable party when the relief requested would compel it to comply with a statute it cannot be liable under.

Rule 12(b)(7) contemplates an early dismissal for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Under Rule 19, "a court must undertake a two-part analysis." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). Where the additional party cannot be joined, the

---

[12] *Id.* at 66.
[13] *Id.* at 86 (Ex. F).
[14] *Id.* at 53.
[15] *Id.* at 83.
[16] *Id.* at 118 (Ex. H).
[17] Compl. – ECF No. 1 at 4–6 (¶¶ 25–49).
[18] Consents – ECF Nos. 10, 15.
[19] Mot. – ECF No. 41.

court "must first determine if [the] absent party is 'necessary' to the suit; then if . . . the party cannot be joined, the court must determine whether the party is '[indispensable]' so that in 'equity and good conscience' the suit should be dismissed." *Id.* In deciding "whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings." *Weiss v. Perez*, 602 F. Supp. 3d 1279, 1290 (N.D. Cal. 2022).

The first issue is whether the federal government is a necessary party under Rule 19. Under Rule 19(a)(1), one circumstance that makes an absent party necessary is when, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "Complete relief is concerned with consummate rather than partial or hollow relief . . . and with precluding multiple lawsuits on the same cause of action." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (cleaned up).

Here, the defendant does not own the campground and instead is akin to a tenant of the federal government. The Ninth Circuit has held that a landlord is not always a necessary party in an ADA action against a tenant, at least where both are independently obligated under the ADA. *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 883 (9th Cir. 2004). But the court noted that an injunction in that case would not "compel [the landlord] to act." *Id.* Here, an injunction would compel the federal government to act, so it is a necessary party.

The next issue is whether the federal government can be joined. *Makah Indian Tribe*, 910 F.2d at 558. It can't be sued under the ADA, as already noted, and it can't be sued under the Unruh Act either. *Frazier v. City of Fresno*, No. 120CV01069ADASAB, 2023 WL 4108322, at *68 (E.D. Cal. June 21, 2023) (the Unruh Act does not cover "public entities or governmental agencies") (quoting *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1190 (2006)). It therefore can't be joined.

The final issue is whether the federal government is an indispensable party. Rule 19(b) sets forth a list of factors to consider. *Backcountry Against Dumps v. U.S. Bureau of Indian Affs.*, No. 20-CV-2343 JLS (DEB), 2021 WL 3611049, at *9–10 (S.D. Cal. Aug. 6, 2021). Where the court cannot order the absent party to act and the relief requested by the plaintiff would require the court to do so, the result under each Rule 19(b) factor is that the absent party is an indispensable party. *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1161–63 (9th Cir.

2002). For example, the first factor is "the extent to which a judgment rendered in the person's absence might prejudice that person." Fed. R. Civ. P. 19(b)(1). A court order for the federal government to comply with a statute under which it is immune from suit would prejudice the government significantly. *Dawavendewa*, 276 F.3d at 1162. The court thus grants the motion to dismiss.

## CONCLUSION

The court grants the defendant's motion to dismiss without prejudice to any claims the plaintiff may have that are not precluded by this order. The plaintiff must file any amended complaint within twenty-eight days and must include as an exhibit a blackline of the amended complaint against the current complaint. If no amended complaint is filed, the court will enter judgment in favor of the defendant.

This resolves ECF No. 41.

**IT IS SO ORDERED.**

Dated: October 23, 2023

LAUREL BEELER
United States Magistrate Judge